**Painter, et al.**
**v.**
**SCF Arizona**

**Index**
**To**
**Notice of Removal of Civil Action**

Documents filed in Superior Court Case No. CV2012-004319 ................................ Exhibit 1

Affidavit of Michael R. Pruitt ............................................................................. Exhibit 2

Notice to Adverse Party of Removal of Civil Action to Federal Court .................... Exhibit 3

Notice to State Court of Removal of Civil Action to Federal Court ........................ Exhibit 4

Exhibit 1

COPY

FEB 2 9 2012

MICHAEL K. JEANES, CLERK
S. LaSPALUTO
DEPUTY CLERK

BAIRD, WILLIAMS & GREER, L.L.P.
6225 NORTH 24ᵗʰ STREET, SUITE 125
PHOENIX, ARIZONA 85016
TELEPHONE (602) 256-9400

Najia M. Kerrin (010953)
    nkerrin@bwglaw.net
Michael Ballentine (023576)
    mballentine@bwglaw.net

Attorneys for plaintiff

**Electronic service authorized via**
    eServe@bwglaw.net

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

CV 2012-004319

Ginger Painter, a single woman and Austin
Schell, a single man,

                Plaintiffs,

v.

SCF Arizona, an Arizona corporation,

                Defendant.

**Certificate Regarding Compulsory
Arbitration**

The undersigned certifies that he or she knows the dollar limits and any other limitations set forth by the local rules of practice for the applicable superior court, and further certifies that this case is not subject to compulsory arbitration, as provided by Rules 72 through 77 of the Arizona Rules of Civil Procedure.

Dated this 29ᵗʰ day of February 2012.

Michael Ballentine
*Baird, Williams & Greer, LLP*
6225 North 24ᵗʰ Street, Suite 125
Phoenix, Arizona 85016
Attorneys for plaintiff

MICHAEL K. JEANES
Clerk of the Superior Court
By Shannon LaSpaluto, Deputy
Date 02/29/2012 Time 16:39:09
Description                        Amount
---------- CASE# CV2012-004319 ----------
CIVIL NEW COMPLAINT                 301.00
------------------------------------------
TOTAL AMOUNT                        301.00
                    Receipt# 21992294

1  BAIRD, WILLIAMS & GREER, L.L.P.
      6225 NORTH 24TH STREET, SUITE 125
2         PHOENIX, ARIZONA 85016
       TELEPHONE (602) 256-9400
3
   Najia M. Kerrin (010953)
4      nkerrin@bwglaw.net
   Michael Ballentine (023576)
5      mballentine@bwglaw.net

6  Attorneys for plaintiff

7  **Electronic service authorized via**
      eServe@bwglaw.net
8

9          IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

10             IN AND FOR THE COUNTY OF MARICOPA

11
   Ginger Painter, a single woman and Austin    )    CV2012-004319
12 Schell, a single man,                        )
                                                )
13             Plaintiffs,                       )   **Complaint**
                                                )
14 v.                                           )
                                                )
15 SCF Arizona, an Arizona corporation,         )
                                                )
16             Defendant.                        )
                                                )
17 _____     )

18      1.      Ginger Painter ("Painter") is a single woman living in Maricopa County, Arizona,
19 and a former employee of defendant, SCF Arizona.

20      2.      Austin Schell ("Schell") is a single man living in Maricopa County, Arizona, and
21 formerly employed with SCF Arizona.

22      3.      SCF Arizona is a private company and a quasi-state agency. Its business operations
23 are headquartered in Phoenix, Arizona, and conducted throughout the state of Arizona.

24      4.      Painter and Schell each timely served a Notice of Claim pursuant to A.R.S.
25 §12–821.01 upon SCF Arizona on or about August 18, 2011.

5.      Defendant did not respond to the Notice of Claims and, thus, is deemed to have denied both Painter and Schell's Notice of Claims.

6.      Jurisdiction and venue are appropriate in the Superior Court of Maricopa County, Arizona.

7.      Both Painter and Schell were dismissed from their employment at SCF Arizona on November 18, 2010.

8.      Both Painter and Schell appealed their dismissals pursuant to §§ A.R.S. 41-782 and A.R.S. 41- 785 and SCF Arizona rules.

9.      The administrative appeals were held in two separate hearings both of which were before Administrative Law Judge Harold Merkow on March 3, 2011.

10.     ALJ Merkow issued his findings of facts and conclusions of law on both the Painter and Schell appeals on March 16, 2011. Both appeals were denied.

11.     This claim is ripe and this Complaint is timely.

                                    FACTUAL ALLEGATIONS

12.     Until their dismissals, both Painter and Schell were employed for many years by the SCF Arizona as senior claims adjusters in the claims department.

13.     Both Painter and Schell received at least satisfactory performance evaluations throughout their tenures at SCF Arizona.

14.     Until their dismissals, neither Painter nor Schell had ever been disciplined previously.

15.     As part of Painter and Schell's duties, referrals to outside vendors for independent medical examinations were made in cases that were being evaluated by SCF Arizona. The claims adjuster was responsible for selecting the vendor from the Fund's approved vendor list.

16.     Because of the potential for the vendors to influence the claims adjuster's decision-making when deciding independent medical examination referrals, SCF Arizona had a Code of

Conduct that prohibited "offers or solicitations of gifts or favors or other improper inducements in exchange for influence or assistance in a transaction" between the vendor and the claims adjusters.

17.     Further, the Code of Conduct stated: ". . . employees shall not accept gifts, favors, services, entertainment or any other things of value to the extent that decision-making or actions affecting SCF Arizona might be influenced. Similarly, the offer or giving of money, services, or other things of value with the expectation of influencing the judgment or decision-making process of any purchaser, supplier, customer, government official or other person by SCF Arizona is absolutely prohibited".

18.     The Code of Conduct also requires SCF Arizona employees to cooperate with internal investigations by SCF Arizona.

19.     Both Painter and Schell worked with Michael Goulet ("Goulet"), a vendor of services required in independent medical examination.

20.     In September 2010, Goulet contacted both Painter and Schell and invited them and other adjusters to lunch.

21.     Goulet and a group of SCF Arizona adjusters, including Painter and Schell, all went to lunch on September 13, 2010.

22.     The next day Goulet wrote an email to Painter in which Goulet offered the use of his cabin in Strawberry, Arizona, to Painter and Schell for a weekend getaway with their family.

23.     An email exchange between Painter and Goulet then followed in which Painter thanked Goulet for his offer but did not explicitly accept or reject it.

24.     Painter forwarded Goulet's email to Schell, who is Painter's fiancee, and the two exchanged emails about how nice the Strawberry/Camp Verde areas are, the latter being a recommendation from Schell's mother.

3

25.    Painter wrote to Schell, "we should definitely go," but did not indicate whether she meant going to Goulet's cabin in Strawberry or to a cabin in Camp Verde as Schell's mother had suggested.

26.    On September 17, 2010, Goulet again wrote an email to Painter mentioning the cabin would be vacant the following weekend and again offered its use to Painter and Schell.

27.    Again Painter thanked him for his offer and, again, neither overtly accepted nor rejected the offer.

28.    The September 17, 2010, email exchange was the final communication between Goulet and Painter regarding Goulet's offer of the use of his cabin.

29.    Goulet and Schell never directly corresponded about Goulet's offer of the use of his cabin.

30.    Neither Painter nor Schell, in fact, used Goulet's cabin while they were employed with SCF Arizona.

31.    On November 3, 2010, Schell was interviewed by SCF Arizona as part of its investigation of Josh Ewing, another senior claims adjuster, who had, in fact, accepted and used Goulet's Strawberry cabin.

32.    Schell answered all of the questions during the interview based on his understanding that the investigation was about Ewing having used Goulet's cabin.

33.    Schell had no idea he was a "person of interest" or otherwise in jeopardy of losing his job because of an offer Goulet had made to Painter two months prior which neither he nor Painter had accepted.

34.    Schell was asked during the interview, "Do you know of any SCF Arizona employee who may have been offered the use of that cabin or do you know anyone other than Josh Ewing who used the cabin?"

36.    Schell responded, "No, not that I am aware of".

37.    It cannot be discerned whether Schell was responding "no" to the first question or the second question he was asked because it was a singular answer to a compound question. SCF Arizona, however, did not clarify the response and instead fired Schell for being "untruthful" during an internal investigation.

38.    In the administrative hearing before ALJ Merkow, Schell testified that he believed he was being interviewed in connection with the investigation of Josh Ewing and the use of a vendor's cabin, so his answer "no" was in response to whether he knew of any other employee who had used the vendor's cabin.

39.    It is not a violation of SCF Arizona's Code of Conduct to receive an offer of the use of a cabin for a weekend getaway, without evidence the offer was either solicited or actually accepted.

40.    Schell's termination of employment merely because he answered "no" to a compound question was not for just cause and therefore wrongful.

41.    Painter was also interviewed on November 3, 2010.

42.    During the interview Painter was asked whether she had received any gifts from any vendors, to which she replied "no" and then stated that Goulet had offered her the use of his cabin but that she did not accept the invitation.

43.    Painter was also interrogated about the fact that Goulet made a donation to the Phoenix Children's Hospital via Painter's fund-raising efforts in a half-marathon benefit event.

44.    It is not a violation of any SCF Arizona policy for employees to conduct fund-raising efforts to benefit charities.

45.    It is not a violation of SCF Arizona's policies for an employee who conducts fund-raising efforts to solicit contributions from any source for the benefit of charities.

46.     Painter solicited contributions to the Phoenix Children's Hospital via a fund-raising link which she appended to her emails for several weeks and sent in the usual course of her work, including emails to co-workers, SCF Arizona management, and vendors.

47.     No one in SCF Arizona management ever warned Painter not to include the fund-raising link in her emails.

48.     Because the fund-raising link was an established part of Painter's email signature block for weeks, it was evident Painter would include the fund-raising link in all of her emails, including those to vendors.

49.     In response to Painter's fund-raising solicitation, Goulet offered to make an extra donation to the Phoenix Children's Hospital for every independent medical examination referral his company received from SCF Arizona.

50.     Painter expressed clear reservations about whether it would be a violation of the SCF Arizona's Code of Conduct for her to accept a gift to benefit a charity if the gift was made in exchange for a referral and informed Goulet she would seek guidance from SCF Arizona.

51.     Painter later declined Goulet's offer to make a gift for each independent medical examination referral.

52.     Goulet's donation to Phoenix Children's Hospital through Painter's fund-raising link was as an individual and not in a corporate capacity, and not in exchange for any favors or referrals from Painter or any other SCF Arizona employee.

53.     Painter was terminated on November 18, 2010, for being untruthful during the investigative interview, for having accepted the use of Goulet's cabin, and for having solicited charitable donations in exchange for independent medical examination referrals.

54.     SCF Arizona had no evidence establishing Plaintiffs had used Goulet's cabin. The only evidence is that Painter and Schell had never used Goulet's cabin because both denied it in

the investigation. SCF Arizona nonetheless terminated Painter for having accepted the offer to use the cabin.

55.     Goulet testified at the administrative appeal that Plaintiffs never used his cabin and that he understood from their lack of further communication to make plans to use it that they had no intention to use it. ALJ Merkow nonetheless found Painter's termination was warranted because she had accepted the offer to use the cabin.

56.     SCF Arizona had no evidence that Painter had solicited charitable donations in exchange for independent medical examination referrals. In fact, the evidence showed Painter declined the unsolicited offer.

57.     SCF Arizona nonetheless terminated Painter for soliciting donations in exchange for referrals.

58.     The terminations of Painter and Schell were wrongful and based on pretext. SCF Arizona was planning a significant layoff of personnel at the time of Plaintiffs' terminations and fired Plaintiffs in an effort to save money on severance packages they would have to pay in the anticipated reduction in force.

59.     The administrative appeal process yields less than 10% reversals of SCF Arizona employee terminations.

60.     Neither Painter nor Schell had a meaningful opportunity to appeal their wrongful terminations because the administrative appeal process is a sham.

61.     Because the employment relationship is deemed contractual in nature, Painter and Schell are entitled to recover their attorneys' fees pursuant to A.R.S. § 12-341.01.

62.     Painter and Schell are entitled to recover their attorneys' fees under A.R.S. § 23-1501 *et seq.*

63.     Plaintiff incorporates all factual allegations stated in the preceding paragraphs in each

of the counts below.

COUNT I
WRONGFUL TERMINATION
(A.R.S. § 231501(3)(d))

64.     Painter and Schell were not terminable at-will but only terminable for good cause.

65.     Painter and Schell were entitled to continued employment with SCF Arizona absent good cause for termination.

66.     The imposition of disciplinary actions against Painter and Schell was improper and did not promote the policies, rules, or practices of SCF Arizona.

67.     As a consequence of Painter's and Schell's wrongful terminations, they are entitled to recover lost wages, the value of lost benefits, consequential damages, attorneys' fees, and costs. A.R.S. § 23-1501 *et seq.*

68.     Painter and Schell were entitled to a fair and equitable disciplinary process, including the administrative appeal, to protect them from termination without cause.

COUNT II
BREACH OF CONTRACT

69.     The protections afforded state and quasi-state agency employees, including SCF Arizona employees who have successfully completed one year of full independent medical examinations service, are contractual in nature.

70.     Painter and Schell were entitled to such protections including the right to be terminated only for just cause.

71.     SCF Arizona breached its promises and obligations to afford Painter and Schell the protections to which they were entitled.

72.     As a consequence of SCF Arizona's breach of contract, Painter and Schell are entitled to recover lost wages, the value of lost benefits, consequential damages, attorneys' fees, and costs. A.R.S. § 12-341.01

8

## COUNT III
### NEGLIGENCE

73.     SCF Arizona, through its management, had a duty to insure every post-probationary employee, including Painter and Schell, is treated equally and fairly by each person in the chain of command.

74.     The defendant failed to properly supervise those with the authority and responsibility for the proper administration of SCF Arizona policies, procedures, and personnel rules applicable to Painter's and Schell's employment.

75.     As a consequence of defendant's failure to properly supervise and control those in the chain of command, Painter and Schell were improperly terminated without cause in November 2010.

76.     Painter and Schell are entitled to recover consequential damages from defendant for its negligence.

77.     Defendant compounded the harm to Painter and Schell by allowing the administrative appeal process to be conducted as a sham.

78.     Defendant knew or should have known that the repeated use of the same administrative law judges to conduct administrative appeals would yield results grossly favoring the defendant in violation of SCF Arizona's employees rights to have a fair and meaningful appeal of unjust actions taken against them by their employer.

### COUNT IV
### APPEAL OF PERSONNEL BOARD DECISION
(A.R.S 41-785(F)(2) and A.R.S 41-785(F)(5) )

79.     The decision of ALJ Merkow should be reversed because the basis for termination was unsupported by any evidence as disclosed by the entire record.

80.     The decision of ALJ Merkow should be reversed because it was arbitrary or capricious.

9

81.   Plaintiffs are entitled to reinstatement, back pay, and attorneys' fees.

**Wherefore**, plaintiffs Ginger Painter and Austin Schell respectfully request this court grant the relief requested against defendant SCF Arizona as follows:

A.   Lost wages including back pay plus front pay from the time of termination until the date of retirement or re-employment in jobs with equal or greater wages, in an amount not less than $750,000.00 for each plaintiff;

B.   The recovery of the value of benefits Painter and Schell would have earned during the course of their employment through retirement in an amount to be proven at trial;

C.   For the value of full retirement benefits to which Painter and Schell would have been entitled after their retirement;

D.   Interest accrued on all damages;

E.   Attorneys' fees under A.R.S. § 12-341.01 and A.R.S. § 231501 *et seq.*; and

F.   All other just and reasonable remedies as the court deems appropriate.

Dated this 29th day of February 2012.

Michael Ballentine
*Baird, Williams & Greer, LLP*
6225 North 24th Street, Suite 125
Phoenix, Arizona 85016
Attorneys for plaintiff

10

Michael K. Jeanes, Clerk of Court
*** Electronically Filed ***
Danielle Welborn
Filing ID 1297242
5/23/2012 11:06:00 AM

1     BAIRD, WILLIAMS & GREER, L.L.P.
     6225 NORTH 24TH STREET, SUITE 125
2       PHOENIX, ARIZONA 85016
     TELEPHONE (602) 256-9400
3

4     Najia M. Kerrin (010953)
     nkerrin@bwglaw.net
5     Michael Ballentine (023576)
     mballentine@bwglaw.net

6     Attorneys for plaintiff

7     **Electronic service authorized via**
     eServe@bwglaw.net
8

9           IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

10          IN AND FOR THE COUNTY OF MARICOPA

11

12    Ginger Painter, a single woman and Austin    )    No. CV2012-004319
     Schell, a single man,    )
13          Plaintiffs,    )    **First Amended Complaint**
         )
14    v.                      )    (1)  Wrongful Termination
         )          (ARS 23-1501(3)(d))
15    SCF Arizona, an Arizona corporation,    )
         )    (2)  Special Action
16          Defendant.    )
         )
17    _____ )

18      1.      Ginger Painter ("Painter") is a single woman living in Maricopa County, Arizona,

19 and a former employee of defendant, SCF Arizona ("SCF").

20      2.      Austin Schell ("Schell") is a single man living in Maricopa County, Arizona, and

21 formerly employed with SCF.

22      3.      SCF is a private company and a quasi-state agency.  Its business operations are

23 headquartered in Phoenix, Arizona, and conducted throughout the state of Arizona.

24      4.      Painter and Schell each timely served a Notice of Claim pursuant to A.R.S.

25 §12–821.01 upon SCF on or about August 18, 2011.

5.      Defendant did not respond to the Notice of Claims and, thus, is deemed to have denied both Painter and Schell's Notice of Claims.

6.      Jurisdiction and venue are appropriate in the Superior Court of Maricopa County, Arizona.

7.      Both Painter and Schell were dismissed from their employment at SCF on November 18, 2010.

8.      Both Painter and Schell appealed their dismissals pursuant to §§ A.R.S. 41-782 and A.R.S. 41- 785 and SCF rules.

9.      The administrative appeals were held in two separate hearings both of which were before Administrative Law Judge Harold Merkow on March 3, 2011.

10.     Administrative Law Judge Merkow issued his findings of facts and conclusions of law on both the Painter and Schell appeals on March 16, 2011. Because he found SCF's motives in terminating Plaintiffs were reasonable and consistent with policy, and that Plaintiffs had a fair opportunity to defend, both appeals were denied.

11.     SCF  laid off a significant number of its employees on March 31, 2011, approximately two weeks after the issuance of the Administrative Law Judge's decision to uphold the termination.

12.     Severance was paid to all the employees who were laid off. Plaintiffs did not receive any severance following their termination of employment.

13.     SCF did not make any announcement prior to the lay off, nor did they disclose to Plaintiffs that a significant personnel layoff was being planned at the time of Plaintiff's discharge in 2010 nor did they disclose that fact before Plaintiff's administrative appeal of that discharge in 2011.

14.     SCF's true motive in terminating Plaintiffs was at issue at the administrative appeal

and the undisclosed plan to conduct a lay off was relevant evidence tending to show the purported "just cause" for terminating Plaintiffs was in fact pretextual.

15.     Because SCF did not disclose its planned lay-off, Plaintiffs had no opportunity to gather and present evidence establishing the true motive behind the highly suspect "just cause for termination" proffered by SCF.

16.     As a result of SCF's willful nondisclosure of information, Plaintiffs were deprived of the meaningful opportunity to be heard at the administrative appeal of their terminations.

17.     Plaintiffs are entitled to a de novo trial to a jury on their claim of wrongful termination because there is no other just and effective manner to prosecute that claim.

18.     The original complaint in this matter was filed in February 2012.  This claim is ripe and this First Amended Complaint is timely.

FACTUAL ALLEGATIONS

19.     Until their dismissals, both Painter and Schell were employed for many years by the SCF as senior claims adjusters in the claims department.

20.     Both Painter and Schell received at least satisfactory performance evaluations throughout their tenures at SCF.

21.     Until SCF's notice of intent to terminate them, neither Painter nor Schell had ever received a written disciplinary notice from SCF.

22.     SCF had a Code of Conduct that prohibited "offers or solicitations of gifts or favors or other improper inducements in exchange for influence or assistance in a transaction" between the vendor and the claims adjusters.

23.     Plaintiffs did not offer or solicit gifts or other improper inducements in exchange for influence or assistance in a transaction with any SCF vendor.

24.     Further, the Code of Conduct stated: ". . . employees shall not accept gifts, favors,

3

services, entertainment or any other things of value to the extent that decision-making or actions affecting SCF might be influenced. Similarly, the offer or giving of money, services, or other things of value with the expectation of influencing the judgment or decision-making process of any purchaser, supplier, customer, government official or other person by SCF is absolutely prohibited".

25.   Plaintiffs did not in fact accept any improper gift from any SCF vendor.

26.   Plaintiffs did not take any steps to arrange for the use of the cabin; they did not obtain the key, the address, or secure any particular date.

27.   Receiving an unsolicited offer of an improper gift is not a violation of SCF's Code of Conduct or any other applicable rule.  Plaintiffs were nonetheless terminated in part because they had received an unsolicited offer of the use of a vendor's cabin for a weekend get-away.

28.   Plaintiffs did not actually use the vendor's cabin when it was offered or at anytime following the offer and before their termination of employment from SCF.

29.   At the time of Plaintiff's termination, it was not a violation of SCF Code of Conduct or any other applicable rule for a SCF claims adjuster to merely thank a vendor for an improper offer of a gift without an explicit denial or explanation as to why the offer of a gift could not be accepted.

30.   The Code of Conduct also requires SCF employees to cooperate with internal investigations by SCF.

31.   Plaintiffs were both candid in their responses to SCF questions regarding SCF's investigation of another claims adjuster's actual acceptance of the offer and actual use of the vendor's cabin.

32.   SCF investigators asked compound, ambiguous questions which resulted in ambiguous answers.

4

33.    In its notice of intent to terminate, SCF accused Plaintiffs of "untruthfulness during an internal investigation" based on answers to ambiguous questions.  SCF did not even consider Plaintiffs' response to SCF's allegations in which both Plaintiffs pointed out the ambiguity in the questions asked and reiterated neither had accepted the vendors offer of the use of his cabin.

34.    Instead, SCF rephrased the question to which Schell supposedly gave the "untrue" response in its notice of termination to Schell.

35.    SCF purposely misconstrued Painter's expression of gratitude for the offer of the cabin as an "acceptance" of the offer even though there was no evidence of any follow up communications between Painter and the vendor in which Painter would have known exactly where the cabin is, made arrangements to get the key, or set a date for a visit.

36.    SCF admitted at the administrative hearing before Administrative Law Judge, there was no evidence Painter and\or Schell actually used the cabin.

37.    Painter was also interrogated about the fact that a vendor made a donation to the Phoenix Children's Hospital via Painter's fund-raising efforts in a half-marathon benefit event.

38.    It is not a violation of any SCF policy for employees to conduct fund-raising efforts to benefit charities.

39.    It is not a violation of SCF's policies for an employee who conducts fund-raising efforts to solicit contributions from any source, including vendors, for the benefit of charities.

40.    Painter solicited contributions to the Phoenix Children's Hospital via a fund-raising link which she appended to her emails for several weeks and sent in the usual course of her work, including emails to co-workers, SCF management, and vendors.

41.    No one in SCF management ever warned Painter not to include the fund-raising link in her emails.

42.    Because the fund-raising link was an established part of Painter's email signature

block for weeks, it was evident Painter would include the fund-raising link in all of her emails, including those to vendors.

43.     On his own initiative, the vendor offered to make an extra donation to the Phoenix Children's Hospital for every independent medical examination referral his company received from SCF.

44.     Painter expressed clear reservations about whether it would be a violation of the SCF's Code of Conduct for her to accept a gift to benefit a charity if the gift was made in exchange for a referral and declined the vendor's offer.

45.     The vendor's donation to Phoenix Children's Hospital through Painter's fund-raising link was as an individual and not in a corporate capacity, and not in exchange for any favors or referrals from Painter or any other SCF employee.

46.     Despite the fact SCF knew there was no evidence Painter had actually accepted the use of the cabin and the explicit evidence that she had in fact declined the vendor's unsolicited idea to tie his company's donations to referrals, she was terminated for having been "untruthful" about having accepted the offer, for "having accepted" the offer, and for having "solicited charitable donations in exchange for independent medical examinations".

47.     Plaintiffs' terminations of employment based on the allegations of untruthfulness in responses to ambiguous, compound questions were not terminations for "just cause" and therefore wrongful.

48.     Painter's termination for having accepted an offer from a vendor which SCF knew was in fact not accepted was not a termination "for just cause" and therefore wrongful.

49.     Painters termination for soliciting charitable donations in exchange for referrals when SCF had possession of the email in which it is clear the vendor made the suggestion to tie donations to referrals was not a termination "for just cause" and therefore wrongful.

50.     The vendor testified at the administrative appeal hearing that Plaintiffs never used his cabin and that he understood from their lack of further communication to make plans to use it that they had no intention to use it. The Administrative Law Judge nonetheless found Painter's termination was warranted because she had "accepted" the offer to use the cabin.

51.     Despite the letter from SCF to Schell accusing him of being untruthful in his answer, "not that I recall" to the question: "Do you know of any SCF employee who may have been offered the used of that cabin or do you know anyone other than Josh Ewing who used the cabin", demonstrating a real ambiguity as to what was being asked or answered, Administrative Law Judge Merkow sustained SCF's termination of Schell's employment on that basis alone as a reasonable "just cause" termination.

52.     Painter and Schell are entitled to recover their attorneys' fees under A.R.S. § 23-1501 *et seq.*

53.     Plaintiff incorporates all factual allegations stated in the preceding paragraphs in each of the counts below.

## COUNT I
## WRONGFUL TERMINATION
## (A.R.S. § 231501(3)(d))

54.     Painter and Schell were not terminable at-will but only terminable for good cause.

55.     Painter and Schell were entitled to continued employment with SCF absent good cause for termination.

56.     The imposition of disciplinary actions against Painter and Schell was improper and did not promote the policies, rules, or practices of SCF.

57.     Painter and Schell were entitled to a fair and equitable disciplinary process, including the administrative appeal, to protect them from termination without cause. Because they were denied that due process as a result of SCF's deliberate withholding of evidence, Plaintiffs may

7

assert this wrongful termination claim as an original claim.

58.     As a consequence of Painter's and Schell's wrongful terminations, they are entitled to recover lost wages, the value of lost benefits, consequential damages, attorneys' fees, and costs. A.R.S. § 23-1501 *et seq.*

COUNT II

SPECIAL ACTION

(Rules of Procedure for Special Actions, Rule 1(b)

APPEAL OF PERSONNEL BOARD DECISION

(A.R.S 41-785(F)(2) and A.R.S 41-785(F)(5) )

59.     The decision of ALJ Merkow should be reversed because the basis for termination was unsupported by any evidence as disclosed by the entire record.

60.     The decision of ALJ Merkow should be reversed because it was arbitrary or capricious.

61. Plaintiffs are entitled to an order finding the defendant failed to perform a duty it was required to perform by law because Defendant did not disclose it was planning a significant lay-off of personnel at the same time it found highly suspect "cause" for Plaintiffs' terminations, thereby precluding Plaintiffs from conducting the appropriate discovery into the true motivations for their dismissals.

**Wherefore**, plaintiffs Ginger Painter and Austin Schell respectfully request this court grant the relief requested against defendant SCF Arizona as follows:

A.     Lost wages including back pay plus front pay;

B.     The recovery of the value of lost benefits Painter and Schell would have earned but for their wrongful terminations;

C.     For the value of full retirement benefits to which Painter and Schell would have been entitled but for their wrongful terminations;

D.     Interest accrued on all damages;

8

E.    Attorneys' fees under A.R.S. § 231501 *et seq.*;

F.    In the alternative, an order reversing the decision of the administrative law judge and further ordering Plaintiffs be reinstated with back pay, lost benefits and full tenure privileges as though their terminations had never occurred; and

G.    All other just and reasonable remedies as the court deems appropriate.

Dated this 23rd day of May 2012.

/s/ Najia M. Kerrin
Najia M. Kerrin
*Baird, Williams & Greer, LLP*
6225 North 24th Street, Suite 125
Phoenix, Arizona 85016
Attorneys for plaintiff

9

# Liddy Legal Support Services

PO Box 2007, Phoenix, AZ 85001
63 E. Pennington St., #102, Tucson, AZ 85702
2700 Woodlands Village Blvd., #300-420, Flagstaff, AZ 86001
Phoenix 602-297-0676, Tucson 520-628-2824, Flagstaff 928-225-7737



Client File # 4112.000
Account   # 0003
Invoice    # 169450
Liddy     # 76007-1

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

GINGER PAINTER, et al.,

Plaintiff(s),

vs

SCF ARIZONA, an Arizona corporation,

Defendant(s).

**CERTIFICATE OF SERVICE
BY PRIVATE PROCESS SERVER**
Case No. CV2012-004319

---

**ENTITY/PERSON TO BE SERVED:** SCF Arizona c/o William Sheldon, General Counsel, Legal Department, SFC

**PLACE OF SERVICE:**   3030 N. 3rd Street, Phoenix, AZ, 85012

**DATE OF SERVICE:** On the __25th__ day of __May__, __2012__ at __1:05__ PM   County __Maricopa__

| | PERSONAL SERVICE | [X] | Left a copy with a person authorized to accept service. | | At this usual place of abode, I left a copy with a person of suitable age and discretion residing therein. |

**Name of Person Served and Relationship/Title**   Served Sara Begley, Assoicate General Counsel, appointed and authorized to
accept and received service of process in the State of Arizona by SCF Arizona

on ___5/24/2012___ we received the following documents for service:

Summons, First Amended Complaint and Certificate Regarding Compulsory Arbitration

**Received from BAIRD WILLIAMS & GREER, ( NAJIA M. KERRIN #010953 )**

PROCESS SERVER:   Carl Cartwright #5890

**The undersigned states: That I am a registered private process server in the county of Maricopa and am an Officer of the Court.**

SIGNATURE OF PROCESS SERVER: _____   Date: 5/29/2012

| Item | Amount |
|---|---|
| Service of Process | $16.00 |
| Minimum Mileage | $16.00 |
| Doc. Prep Fee | $10.00 |

**Tax ID#** 90-0533870
I declare under penalty of perjury that the foregoing is true
and correct and was executed on this date.

Total   $42.00

# Liddy Legal Support Services

PO Box 2007, Phoenix, AZ 85001
63 E. Pennington St., #102, Tucson, AZ 85702
2700 Woodlands Village Blvd., #300-420, Flagstaff, AZ 86001
Phoenix 602-297-0676, Tucson 520-628-2824, Flagstaff 928-225-7737

*MICHAEL K. JEANES, CLERK*
*RECEIVED CCC #8*
*DOCUMENT DEPOSITORY*
*12 JUN -4 PM 1:27*

Client File # 4112.000
Account  # 0003
Invoice  # 169450
Liddy   # 76007-1

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

GINGER PAINTER, et al.,

                          Plaintiff(s),

vs

SCF ARIZONA, an Arizona corporation,

                          Defendant(s).

**CERTIFICATE OF SERVICE
BY PRIVATE PROCESS SERVER**
Case No. CV2012-004319

**ENTITY/PERSON TO BE SERVED:** SCF Arizona c/o William Sheldon, General Counsel, Legal Department, SFC

**PLACE OF SERVICE:**   3030 N. 3rd Street, Phoenix, AZ, 85012

**DATE OF SERVICE:** On the __25th__ day of __May__, __2012__ at __1:05__ PM   County __Maricopa__

| | PERSONAL SERVICE | [X] | Left a copy with a person authorized to accept service. | | At this usual place of abode, I left a copy with a person of suitable age and discretion residing therein. |

**Name of Person Served and Relationship/Title**   Served Sara Begley, Associate General Counsel, appointed and authorized to

accept and received service of process in the State of Arizona by SCF Arizona

on __5/24/2012__ we received the following documents for service:

Summons, First Amended Complaint and Certificate Regarding Compulsory Arbitration

**Received from BAIRD WILLIAMS & GREER, ( NAJIA M. KERRIN #010953 )**

PROCESS SERVER:   Carl Cartwright #5890

**The undersigned states: That I am a registered private process server in the county of Maricopa and am an Officer of the Court.**

SIGNATURE OF PROCESS SERVER:   _____   Date: 5/29/2012

| Item | Amount |
|------|--------|
| Service of Process | $16.00 |
| Minimum Mileage | $16.00 |
| Doc. Prep Fee | $10.00 |

**Tax ID#** 90-0533870
I declare under penalty of perjury that the foregoing is true
and correct and was executed on this date.

Total   $42.00



Office Distribution

# SUPERIOR COURT OF ARIZONA
## MARICOPA COUNTY

**\*\*FILED\*\***
06/06/2012
by Superior Court Admin
on behalf of Clerk of the
Superior Court

06/02/2012

### COURT ADMINISTRATION

Ct. Admin
Deputy

**Case Number:** CV2012-004319

**Ginger Painter**

**V.**

**S C F Arizona**

The Judge assigned to this action is the Honorable Colleen Louise French

### NOTICE OF INTENT TO DISMISS FOR LACK OF SERVICE

You are hereby notified that the complaint filed on 02/29/2012 is subject to dismissal pursuant to Rule 4 (i), Arizona Rules of Civil Procedure. The deadline for completing service is 06/28/2012. If no judge has extended time for completing service and no defendants have been served by this date, this case will be dismissed.



1     BAIRD, WILLIAMS & GREER, L.L.P.
       6225 NORTH 24TH STREET, SUITE 125
2          PHOENIX, ARIZONA 85016
       TELEPHONE (602) 256-9400
3
  Najia M. Kerrin (010953)
4        nkerrin@bwglaw.net
  Michael Ballentine (023576)
5        mballentine@bwglaw.net

6   Attorneys for plaintiff

7   **Electronic service authorized via**
     eServe@bwglaw.net
8

9        IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

10         IN AND FOR THE COUNTY OF MARICOPA

11

12  Ginger Painter, a single woman and Austin   )   No. CV2012-004319
  Schell, a single man,               )

13           Plaintiffs,       )   **STIPULATION FOR EXTENSION OF**
                         )   **TIME TO RESPOND TO FIRST**
14  v.                            )   **AMENDED COMPLAINT**
                         )
15  SCF Arizona, an Arizona corporation,     )
                         )   (Assigned to the Honorable Colleen French)
16           Defendant.       )

17

18       Plaintiffs Ginger Painter and Austin Schell and Defendant SCF Arizona, by and through

19  their undersigned counsel, hereby stipulate that Defendant SCF Arizona may have an extension

20  of time to respond to Plaintiffs' First Amended Complaint until July 5, 2012. Defendant's Answer

21  is currently due June 14, 2012. On June 1, 2012, counsel for Defendant notified counsel for

22  Plaintiffs that Defendant intended to file a Motion to Dismiss unless Plaintiffs voluntarily

23  dismissed their lawsuit by June 11, 2012. The Attorneys for Plaintiffs responded on June 4, 2012

24  that lead counsel for Plaintiffs is on her honeymoon and will be out of the country until

25  approximately the third week in June. In order to give counsel for Plaintiffs time to discuss

Defendant's Motion to Dismiss with her clients, the parties stipulate that Defendant shall have

1 | until and through July 5, 2012 to file an Answer or Motion to Dismiss the Complaint.

2 |     Respectfully submitted this 8th day of June 2012.

3

4 |                    */s/ Michael Ballentine*
                   Michael Ballentine

5 |                    *Baird, Williams & Greer, LLP*
                   6225 North 24th Street, Suite 125

6 |                    Phoenix, Arizona 85016
                   Attorneys for plaintiff

7

8 |                    */s/ Michael R. Pruitt w/permission*
                   Michael R. Pruitt, SBN 011792

9 |                    *Jackson White*
                   40 North Center Street, Suite 200

10 |                    Mesa, Arizona   85201
                   Attorneys for Defendant

11

12 | Original eFiled with the Clerk's ECF filing
system this 8th day of June 2012.

13

14 | Copies mailed this same day to:

15 | The Honorable Colleen French
Maricopa County Superior Court
101 W. Jefferson (ECB #612)

16 | Phoenix, AZ 85003-2243:

17 | Michael R. Pruitt
*Jackson White*

18 | 40 North Center Street, Suite 200
Mesa, Arizona   85201

19 | Attorneys for Defendant

20

    */s/ Sean Wilson*

21

22

23

24

25

2

BAIRD, WILLIAMS & GREER, L.L.P.
6225 NORTH 24TH STREET, SUITE 125
PHOENIX, ARIZONA 85016
TELEPHONE (602) 256-9400

Najia M. Kerrin (010953)
    nkerrin@bwglaw.net
Michael Ballentine (023576)
    mballentine@bwglaw.net

Attorneys for plaintiff

Electronic service authorized via
    eServe@bwglaw.net

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Ginger Painter, a single woman and Austin Schell, a single man, | Case No. CV2012-004319 |
| Plaintiffs, | |
| v. | **ORDER** |
| SCF Arizona, an Arizona corporation, | |
| Defendant. | |

    The Court having considered the parties' Stipulation For Extension of Time to Respond to First Amended Complaint, and good cause appearing,

    IT IS ORDERED the Stipulation is approved and Defendant SCF Arizona shall have until and through July 5, 2012 to file its response to Plaintiffs' First Amended Complaint.

    Dated this _____ day of June, 2012.

_____
The Honorable Colleen French

**Sean Wilson**

| | |
|---|---|
| From: | TurboCourt Customer Service [CustomerService@TurboCourt.com] |
| Sent: | Friday, June 08, 2012 3:32 PM |
| To: | Michael Ballentine; Sean Wilson; Victor  Jackson |
| Subject: | AZTurboCourt E-Filing Courtesy Notification |

PLEASE DO NOT REPLY TO THIS EMAIL.

A party in this case requested that you receive an AZTurboCourt Courtesy Notification.

AZTurboCourt Form Set #547396 has been DELIVERED to Maricopa Superior Court.

You will be notified when these documents have been processed by the court.

Here are the filing details:
Case Number: CV2012-004319 (Note: If this filing is for case initiation, you will receive a separate notification when the case # is assigned.)
Case Title: Painter, Et.Al. Vs. S C F Arizona
Filed By: Michael R Ballentine
AZTurboCourt Form Set: #547396
Keyword/Matter #: Painter v. SCF Arizona
Delivery Date and Time: Jun 08, 2012 3:23 PM MST

Forms:
Summary Sheet (This summary sheet will not be filed with the court. This sheet is for your personal records only.)


Attached Documents:
Stipulation: STIPULATION FOR EXTENSION OF TIME TO RESPOND TO FIRST AMENDED COMPLAINT
Proposed Order/Judgment (Supporting): Proposed Order

1

*** Granted ***
See eSignature Page

Michael K. Jeanes, Clerk of Court
*** Electronically Filed ***
Julieta Garcia
Filing ID 1319805
6/12/2012 10:35:40 AM

BAIRD, WILLIAMS & GREER, L.L.P.
6225 NORTH 24TH STREET, SUITE 125
PHOENIX, ARIZONA 85016
TELEPHONE (602) 256-9400

Najia M. Kerrin (010953)
    nkerrin@bwglaw.net
Michael Ballentine (023576)
    mballentine@bwglaw.net

Attorneys for plaintiff

Electronic service authorized via
    eServe@bwglaw.net

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Ginger Painter, a single woman and Austin Schell, a single man, | Case No. CV2012-004319 |
| Plaintiffs, | |
| v. | **ORDER** |
| SCF Arizona, an Arizona corporation, | |
| Defendant. | |

The Court having considered the parties' Stipulation For Extension of Time to Respond to First Amended Complaint, and good cause appearing,

IT IS ORDERED the Stipulation is approved and Defendant SCF Arizona shall have until and through July 5, 2012 to file its response to Plaintiffs' First Amended Complaint.

Dated this _____ day of June, 2012.


_____
The Honorable Colleen French

-1-

eSignature Page -- 20120608_65b493a1-44a9-470b-8e7e-51deeef0
                    0e968.pdf

Granted

Signed on this day, June 12, 2012



/S/ Colleen French
Judicial Officer of Superior Court

1   BAIRD, WILLIAMS & GREER, L.L.P.
        6225 NORTH 24TH STREET, SUITE 125
2          PHOENIX, ARIZONA 85016
          TELEPHONE (602) 256-9400
3
    Najia M. Kerrin (010953)
4      nkerrin@bwglaw.net

5   Attorneys for plaintiff

6   **Electronic service authorized via**
        eServe@bwglaw.net
7

8              IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

9               IN AND FOR THE COUNTY OF MARICOPA

10
    Ginger Painter, a single woman and Austin      )   No. CV2012-004319
11  Schell, a single man,                          )
                                                   )
12                 Plaintiffs,                     )   **Notice of Defendant's Consent Allowing**
                                                   )   **Plaintiff to File Second Amended**
13  v.                                             )   **Complaint**
                                                   )
14  SCF Arizona, an Arizona corporation,           )   (Assigned to the Honorable David Cunanan)
                                                   )
15                 Defendant.                      )
                                                   )
16  _____   )

17          Defendant has agreed to allow Plaintiffs to file a second amended complaint dismissing their

18  special action and adding a claim under 42 U.S.C. § 1983, reserving all defenses. Accordingly,

    Plaintiffs submit a form of order with this notice.
19
            Dated this 1st day of August 2012.
20

21                                          /s/ Najia M. Kerrin
                                          _____
22                                          Najia M. Kerrin
                                          *Baird, Williams & Greer, LLP*
                                          6225 North 24th Street, Suite 125
23                                          Phoenix, Arizona 85016
                                          Attorneys for plaintiff
24

25

*/s/ Michael R. Pruitt w/permission*
Michael R. Pruitt
*Jackson White*
40 North Center Street, Suite 200
Mesa, Arizona   85201
Attorneys for Defendant

Original eFiled with the Clerk's ECF filing
system this 1st day of August 2012.

Copies mailed this same day to:

The Honorable David Cunanan
Maricopa County Superior Court
201 W. Jefferson, (CCB #4B)
Phoenix, AZ 85003-2243

Michael R. Pruitt
*Jackson White*
40 North Center Street, Suite 200
Mesa, Arizona   85201
Attorneys for Defendant

*/s/ Sean Wilson*

2

BAIRD, WILLIAMS & GREER, L.L.P.
6225 NORTH 24TH STREET, SUITE 125
PHOENIX, ARIZONA 85016
TELEPHONE (602) 256-9400

Najia M. Kerrin (010953)
    nkerrin@bwglaw.net

Attorneys for plaintiff

Electronic service authorized via
    eServe@bwglaw.net

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Ginger Painter, a single woman and Austin Schell, a single man, | Case No. CV2012-004319 |
| Plaintiffs, | |
| v. | **ORDER** |
| SCF Arizona, an Arizona corporation, | |
| Defendant. | |

Upon the written consent of the defendant allowing plaintiffs to amend their complaint, and for good cause appearing,

IT IS HEREBY ORDERED that Plaintiffs shall file and serve their second amended complaint within ten days of this order.

Dated this _____ day of July, 2012.


_____
The Honorable David Cunanan



Office Distribution

RECEIVED

# SUPERIOR COURT OF ARIZONA
## MARICOPA COUNTY

**FILED**
08/01/2012
by Superior Court Admin
on behalf of Clerk of the
Superior Court

Ct. Admin
Deputy

07/28/2012

COURT ADMINISTRATION

**CASE NUMBER:** CV2012-004319

**Ginger Painter**

**V.**

**S C F Arizona**

---

The Judge assigned to this action is the Honorable David Cunanan

### 150 DAY ORDER

This action was filed more than 150 days ago. If there is any conflict between this order and any order from the assigned judge, the assigned judge's order governs. This order provides notice of requirements, pursuant to Rule 38.1, Arizona Rules of Civil Procedure. Rule 38.1 applies to all civil actions, including those subject to arbitration.

IT IS HEREBY ORDERED:

Rule 38.1 of the Arizona Rules of Civil Procedure will be strictly enforced. The parties shall file and serve on court and counsel the following documents:

1. A motion to Set and Certificate of Readiness or an Appeal from Arbitration shall be filed on or before 11/26/2012 12:00:00AM. (The motion shall include an estimate of the length of trial) If Rule 38.1 is not complied with, the case will be placed on Inactive Calendar on the date shown above and it will be dismissed pursuant to Rule 38.1, without further notice, on or after 1/24/2013 12:00:00AM. *

2. All parties' specific objections to witnesses and exhibits listed by other parties must be submitted with or stated in the Joint Pretrial Statement. Reserving all objections to witnesses or exhibits until time of trial will not be permitted.

LATE DISCOVERY. A Motion to set and Certificate of Readiness certifies that the parties have completed or will have had a reasonable opportunity to complete discovery within 60 days after the motion is filed. [Local Rule 3.4 and Rule 38.1 (f) Arizona Rules of Civil Procedure] Discovery should be completed in accordance with the Rule.

IF THIS IS AN ARBITRATION CASE. If this case is subject to mandatory arbitration, Rule 74 (b) of the Arizona Rules of Civil Procedure establishes the time for beginning the arbitration hearing. In light of the deadlines established by Rule 38.1 (d) of the Arizona Rules of Civil Procedure, counsel should be sure that arbitrators are timely appointed and that arbitrators complete the arbitration process within the time provided under Rule 38.1 (d) for motions to set. As Rule 76(a) of the Arizona Rules of Civil Procedure provides, an Appeal from Arbitration and Motion to Set for Trial serves in place of a Motion to Set and Certificate of Readiness under Rule 38.1 (a), Arizona Rules of Civil Procedure.



Office Distribution

# SUPERIOR COURT OF ARIZONA
# MARICOPA COUNTY

**\*\*FILED\*\***

08/01/2012

by Superior Court Admin
on behalf of Clerk of the
Superior Court

Ct. Admin
Deputy

07/28/2012

COURT ADMINISTRATION

**CASE NUMBER:** CV2012-004319

**Ginger Painter**

**V.**

**S C F Arizona**

---

EXTENSIONS OF TIME TO SERVE PROCESS. If there has been an extension of time to serve the summons and complaint, (a) Rule 38.1 still applies and (b) some parties and counsel may not receive a copy of this order. Plaintiff should send copies to each of them and retain a copy of the transmittal letter.

ALTERNATIVE DISPUTE RESOLUTION. Pursuant to Rule 16 (g), Ariz. Rules of Civil Procedures, counsel for the parties, or the parties if not represented by counsel, shall confer regarding the feasibility of resolving the parties' dispute through alternative dispute resolution methods such as mediation or arbitration with a mediator or arbitrator agreed to by the parties. Counsel shall discuss with their clients the resolution of the dispute through an alternative dispute resolution method prior to the conference with opposing counsel.

\*RELIEF FROM RULE 38.1 DEADLINES; CONTINUANCES ON INACTIVE CALENDAR. The rules require a Motion to Set within nine months after the action is filed. Discovery is to be completed about two months later (see Late Discovery above). A motion to vacate or abate this order will not change the deadlines. A premature Motion to Set violates Rule 11, Arizona Rules of Civil Procedures.

For good cause, the assigned judge may extend time for dismissal or continue the action on Inactive Calendar to an appropriate date. If an arbitration hearing has been held, or is set in the near future, the date of that hearing should be included in any motion to extend Rule 38.1 deadlines or to continue on Inactive Calendar. Stipulations to continue and delays for settlement negotiations are not good cause. Except in extraordinary cases, the court will not grant trial continuances based on late discovery.

*** Granted ***
See eSignature Page

Michael K. Jeanes, Clerk of Court
*** Electronically Filed ***
Maria Saldana
Filing ID 1387195
8/6/2012 10:08:48 AM

1   BAIRD, WILLIAMS & GREER, L.L.P.
2   6225 NORTH 24TH STREET, SUITE 125
    PHOENIX, ARIZONA 85016
3   TELEPHONE (602) 256-9400

4   Najia M. Kerrin (010953)
5       nkerrin@bwglaw.net

6   Attorneys for plaintiff

7   Electronic service authorized via
        eServe@bwglaw.net

8

9              IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
10
11             IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Ginger Painter, a single woman and Austin Schell, a single man, | Case No. CV2012-004319 |
| Plaintiffs, | |
| v. | **ORDER** |
| SCF Arizona, an Arizona corporation, | |
| Defendant. | |

        Upon the written consent of the defendant allowing plaintiffs to amend their
complaint, and for good cause appearing,

        IT IS HEREBY ORDERED that Plaintiffs shall file and serve their second
amended complaint within ten days of this order.

        Dated this _____ day of July, 2012.

                                    _____
                                    The Honorable David Cunanan

eSignature Page -- 20120801_46f22eb0-d13d-46c0-8450-5352142a
a2a09.pdf

Granted

Signed on this day, August 6, 2012



/S/ David Cunanan
Judicial Officer of Superior Court

Michael K. Jeanes, Clerk of Court
*** Electronically Filed ***
Tina Hays
Filing ID 1389623
8/7/2012 1:22:00 PM

BAIRD, WILLIAMS & GREER, L.L.P.
6225 NORTH 24TH STREET, SUITE 125
PHOENIX, ARIZONA 85016
TELEPHONE (602) 256-9400

Najia M. Kerrin (010953)
    nkerrin@bwglaw.net
Michael Ballentine (023576)
    mballentine@bwglaw.net

Attorneys for plaintiff

**Electronic service authorized via**
    eServe@bwglaw.net

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Ginger Painter, a single woman and Austin Schell, a single man,<br><br>                    Plaintiffs,<br><br>v.<br><br>SCF Arizona, an Arizona corporation,<br><br>                    Defendant. | No. CV2012-004319<br><br>**Second Amended Complaint**<br><br> (1) Wrongful Termination<br>       (ARS 23-1501(3)(d))<br><br> (2)  Due Process ¶ 42 U.S.C. § 1983 |

1.     Ginger Painter ("Painter") is a single woman living in Maricopa County, Arizona, and a former employee of defendant, SCF Arizona ("SCF").

2.     Austin Schell ("Schell") is a single man living in Maricopa County, Arizona, and formerly employed with SCF.

3.     SCF is a private company and a quasi-state agency.  Its business operations are headquartered in Phoenix, Arizona, and conducted throughout the state of Arizona.

4.     Painter and Schell each timely served a Notice of Claim pursuant to A.R.S. §12–821.01 upon SCF on or about August 18, 2011.

5.    Defendant did not respond to the Notice of Claims and, thus, is deemed to have denied both Painter and Schell's Notice of Claims.

6.    Jurisdiction and venue are appropriate in the Superior Court of Maricopa County, Arizona.

7.    Both Painter and Schell were dismissed from their employment at SCF on November 18, 2010.

8.    Both Painter and Schell appealed their dismissals pursuant to §§ A.R.S. 41-782 and A.R.S. 41- 785 and SCF rules.

9.    The administrative appeals were held in two separate hearings both of which were before Administrative Law Judge Harold Merkow on March 3, 2011.

10.    Administrative Law Judge Merkow issued his findings of facts and conclusions of law on both the Painter and Schell appeals on March 16, 2011. Because he found SCF's motives in terminating Plaintiffs were reasonable and consistent with policy, and that Plaintiffs had a fair opportunity to defend, both appeals were denied.

11.    SCF  laid off a significant number of its employees on March 31, 2011, approximately two weeks after the issuance of the Administrative Law Judge's decision to uphold the termination.

12.    Severance was paid to all the employees who were laid off. Plaintiffs did not receive any severance following their termination of employment.

13.    SCF did not make any announcement prior to the lay off, nor did they disclose to Plaintiffs that a significant personnel layoff was being planned at the time of Plaintiff's discharge in 2010 nor did they disclose that fact before Plaintiff's administrative appeal of that discharge in 2011.

14.    SCF's true motive in terminating Plaintiffs was at issue at the administrative appeal

2

and the undisclosed plan to conduct a lay off was relevant evidence tending to show the purported "just cause" for terminating Plaintiffs was in fact pretextual.

15.     Because SCF did not disclose its planned lay-off, Plaintiffs had no opportunity to gather and present evidence establishing the true motive behind the highly suspect "just cause for termination" proffered by SCF.

16.     As a result of SCF's willful nondisclosure of information, Plaintiffs were deprived of the meaningful opportunity to be heard at the administrative appeal of their terminations.

17.     Plaintiffs are entitled to a de novo trial to a jury on their claim of wrongful termination because there is no other just and effective manner to prosecute that claim.

18.     The original complaint in this matter was filed in February 2012.  This claim is ripe and this Second Amended Complaint is timely.

## FACTUAL ALLEGATIONS

19.     Until their dismissals, both Painter and Schell were employed for many years by the SCF as senior claims adjusters in the claims department.

20.     Both Painter and Schell received at least satisfactory performance evaluations throughout their tenures at SCF.

21.     Until SCF's notice of intent to terminate them, neither Painter nor Schell had ever received a written disciplinary notice from SCF.

22.     SCF had a Code of Conduct that prohibited "offers or solicitations of gifts or favors or other improper inducements in exchange for influence or assistance in a transaction" between the vendor and the claims adjusters.

23.     Plaintiffs did not offer or solicit gifts or other improper inducements in exchange for influence or assistance in a transaction with any SCF vendor.

24.     Further, the Code of Conduct stated: ". . . employees shall not accept gifts, favors,

3

services, entertainment or any other things of value to the extent that decision-making or actions affecting SCF might be influenced. Similarly, the offer or giving of money, services, or other things of value with the expectation of influencing the judgment or decision-making process of any purchaser, supplier, customer, government official or other person by SCF is absolutely prohibited".

25.     Plaintiffs did not in fact accept any improper gift from any SCF vendor.

26.     Plaintiffs did not take any steps to arrange for the use of the cabin; they did not obtain the key, the address, or secure any particular date.

27.     Receiving an unsolicited offer of an improper gift is not a violation of SCF's Code of Conduct or any other applicable rule.  Plaintiffs were nonetheless terminated in part because they had received an unsolicited offer of the use of a vendor's cabin for a weekend get-away.

28.     Plaintiffs did not actually use the vendor's cabin when it was offered or at anytime following the offer and before their termination of employment from SCF.

29.     At the time of Plaintiff's termination, it was not a violation of SCF Code of Conduct or any other applicable rule for a SCF  claims adjuster to merely thank a vendor for an improper offer of a gift without an explicit denial or explanation as to why the offer of a gift could not be accepted.

30.     The Code of Conduct also requires SCF employees to cooperate with internal investigations by SCF.

31.     Plaintiffs were both candid in their responses to SCF questions regarding SCF's investigation of another claims adjuster's actual acceptance of the offer and actual use of the vendor's cabin.

32.     SCF investigators asked compound, ambiguous questions which resulted in ambiguous answers.

4

33.     In its notice of intent to terminate, SCF accused Plaintiffs of "untruthfulness during an internal investigation" based on answers to ambiguous questions.  SCF did not even consider Plaintiffs' response to SCF's allegations in which both Plaintiffs pointed out the ambiguity in the questions asked and reiterated neither had accepted the vendors offer of the use of his cabin.

34.     Instead, SCF rephrased the question to which Schell supposedly gave the "untrue" response in its notice of termination to Schell.

35.     SCF purposely misconstrued Painter's expression of gratitude for the offer of the cabin as an "acceptance" of the offer even though there was no evidence of any follow up communications between Painter and the vendor in which Painter would have known exactly where the cabin is, made arrangements to get the key, or set a date for a visit.

36.     SCF admitted at the administrative hearing before Administrative Law Judge, there was no evidence Painter and\or Schell actually used the cabin.

37.     Painter was also interrogated about the fact that a vendor made a donation to the Phoenix Children's Hospital via Painter's fund-raising efforts in a half-marathon benefit event.

38.     It is not a violation of any SCF policy for employees to conduct fund-raising efforts to benefit charities.

39.     It is not a violation of SCF's policies for an employee who conducts fund-raising efforts to solicit contributions from any source, including vendors, for the benefit of charities.

40.     Painter solicited contributions to the Phoenix Children's Hospital via a fund-raising link which she appended to her emails for several weeks and sent in the usual course of her work, including emails to co-workers, SCF management, and vendors.

41.     No one in SCF management ever warned Painter not to include the fund- raising link in her emails.

42.     Because the fund-raising link was an established part of Painter's email signature

5

block for weeks, it was evident Painter would include the fund-raising link in all of her emails, including those to vendors.

43.     On his own initiative, the vendor offered to make an extra donation to the Phoenix Children's Hospital for every independent medical examination referral his company received from SCF.

44.     Painter expressed  clear  reservations about whether it would be a violation of the SCF's Code of Conduct for her to accept a gift to benefit a charity if the gift was made in exchange for a referral and declined the vendor's offer.

45.     The vendor's donation to Phoenix Children's Hospital through Painter's fund-raising link was as an individual and not in a corporate capacity, and not in exchange for any favors or referrals from Painter or any other SCF employee.

46.     Despite the fact SCF knew there was no evidence Painter had actually accepted the use of the cabin and the explicit evidence that she had in fact declined the vendor's unsolicited idea to tie his company's donations to referrals, she was terminated for having been "untruthful" about having accepted the offer, for "having accepted" the offer, and for having "solicited charitable donations in exchange for independent medical examinations".

47.     Plaintiffs' terminations of employment based on the allegations of  untruthfulness in responses to ambiguous, compound questions were not terminations for "just cause" and therefore wrongful.

48.     Painter's termination for having accepted an offer from a vendor which SCF knew was in fact not accepted was not a termination "for just cause" and therefore wrongful.

49.     Painters termination for soliciting charitable donations in exchange for referrals when SCF had possession of the email in which it is clear the vendor made the suggestion to tie donations to referrals was not a termination "for just cause" and therefore wrongful.

50.     The vendor testified at the administrative appeal hearing that Plaintiffs never used his cabin and that he understood from their lack of further communication to make plans to use it that they had no intention to use it. The Administrative Law Judge nonetheless found Painter's termination was warranted because she had "accepted" the offer to use the cabin.

51.     Despite the letter from SCF to Schell accusing him of being untruthful in his answer, "not that I recall" to the question: "Do you know of any SCF employee who may have been offered the used of that cabin or do you know anyone other than Josh Ewing who used the cabin", demonstrating a real ambiguity as to what was being asked or answered, Administrative Law Judge Merkow sustained SCF's termination of Schell's employment on that basis alone as a reasonable "just cause" termination.

52.     Painter and Schell are entitled to recover their attorneys' fees under A.R.S. § 23-1501 *et seq.* and 42 U.S.C. § 1988.

53.     Plaintiff incorporates all factual allegations stated in the preceding paragraphs in each of the counts below.

COUNT I
WRONGFUL TERMINATION
(A.R.S. § 231501(3)(d))

54.     Painter and Schell were not terminable at-will but only terminable for good cause.

55.     Painter and Schell were entitled to continued employment with SCF absent good cause for termination.

56.     The imposition of disciplinary actions against Painter and Schell was improper, pretextual, and did not comply with the policies, rules, or practices of SCF.

57.     Painter and Schell were entitled to a fair and equitable disciplinary process, including the administrative appeal, to protect them from termination without cause. Because they were denied that due process as a result of SCF's deliberate withholding of evidence, Plaintiffs may

assert this wrongful termination claim as an original claim.

58.    As a consequence of Painter's and Schell's wrongful terminations, they are entitled to recover lost wages, the value of lost benefits, consequential damages, attorneys' fees, and costs. A.R.S. § 23-1501 *et seq.*

COUNT II
VIOLATION OF DUE PROCESS RIGHTS
(42 U.S.C. § 1983)

59.    Because plaintiffs were public employees, they were entitled to procedural due process because they had a constitutionally protected property right in their employment.

60.    Plaintiffs' termination of employment was under color of state action.

61.    The manner in which SCF imposed discipline against plaintiffs was a sham and plaintiffs did not have a meaningful opportunity to be heard to defend against allegations that were capricious, arbitrary, and pretextual.

62.    Plaintiffs' due process rights were violated because defendants did not disclose material evidence regarding the defendant's true motivation for terminating plaintiffs.

63.    Defendant's motivation for terminating the plaintiffs was to reduce staff counts and not because plaintiffs had done anything warranting their immediate dismissals.

64.    SCF had in place rules and regulations regarding procedures for reducing staff which governed the selection of individuals to be laid off in a reduction in force and guaranteed those selected for the lay off would enjoy certain benefits.

65.    If plaintiffs had not been unlawfully terminated in November 2010, they would not have been laid off in the formal reduction in force that took place in March 2011.

66.    Plaintiffs had no notice that the conduct that defendant alleged was a terminable offense, would considered as such before they were summarily terminated.

67.    Plaintiffs were entitled to fair notice that they were also being investigated or under

8

suspicion at the time they were interrogated under the ruse that SCF was conducting an investigation against Josh Ewing.

68.    Plaintiffs were entitled to fair notice that a failure to expressly decline an offer of a gift from a vendor would be construed as an acceptance of the gift.

69.    Plaintiffs were entitled to notice that solicitation for contribution to a charity would be construed as a conflict of interest.

70.    Plaintiffs were entitled to notice that giving a singular answer to a compound questions would be construed as "lying" and that "lying" would be considered a terminable offense.

71.    Plaintiffs were not provided with any of the notice requirements detailed in the previous 5 paragraphs.

72.    Accordingly, plaintiffs are entitled to lost wages including back pay plus front pay, lost benefits, including retirement benefits, and attorney's fees.

**Wherefore**, plaintiffs Ginger Painter and Austin Schell respectfully request this court grant the relief requested against defendant SCF Arizona as follows:

A.    Lost wages including back pay plus front pay;

B.    The recovery of the value of lost benefits Painter and Schell would have earned but for their wrongful terminations;

C.    For the value of full retirement benefits to which Painter and Schell would have been entitled but for their wrongful terminations;

D.    Interest accrued on all damages;

E.    Attorneys' fees under A.R.S. § 23-1501 *et seq.*, and 42 U.S.C. § 1988; and

9

1 F. All other just and reasonable remedies as the court deems appropriate.

2 Dated this 7th day of August 2012.

3

4           */s/ Najia M. Kerrin*
            Najia M. Kerrin

5            *Baird, Williams & Greer, LLP*
            6225 North 24th Street, Suite 125

6            Phoenix, Arizona 85016
            Attorneys for plaintiff

1    BAIRD, WILLIAMS & GREER, L.L.P.
         6225 NORTH 24ᵀᴴ STREET, SUITE 125
2            PHOENIX, ARIZONA 85016
             TELEPHONE (602) 256-9400
3
     Najia M. Kerrin (010953)
4        nkerrin@bwglaw.net
     Michael Ballentine (023576)
5        mballentine@bwglaw.net

6    Attorneys for plaintiff

7    Electronic service authorized via
         eServe@bwglaw.net
8

9              IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

10                 IN AND FOR THE COUNTY OF MARICOPA

11
     Ginger Painter, a single woman and Austin    )    No. CV2012-004319
12   Schell, a single man,                        )
                                                  )
13               Plaintiffs,                       )    **Acceptance of Service**
                                                  )
14   v.                                            )    (Assigned to the Honorable David Cunanan)
                                                  )
15   SCF Arizona, an Arizona corporation,          )
                                                  )
16               Defendant.                        )
                                                  )
17   ─────────────────────────────────────────────

18       Michael R. Pruitt, of Jackson White, having been retained as counsel for SCF Arizona in

19   the above-entitled action, does hereby accept service of process on behalf of SCF Arizona. I

20   acknowledge receipt of the Second Amended Complaint, upon this date, as though the same had

21   been served upon SCF Arizona by the Sheriff or other person duly appointed by law to serve

22   process, pursuant to Arizona Rules of Civil Procedure Rule 4 (f).

23       Dated this _13ᵗʰ_ day of August, 2010.

24                                             _____
                                               Michael R. Pruitt
25                                             _Jackson White_
                                               40 North Center Street, Suite 200
                                               Mesa, Arizona   85201

Original filed this *13th* day of
August, 2012, with:

Clerk of the Court
Maricopa County Superior Court
101/201 West Jefferson
Phoenix, Arizona 85003

2

| From: | TurboCourt Customer Service |
|---|---|
| To: | Sean Wilson; Najia Kerrin; Victor Jackson |
| Subject: | AZTurboCourt E-Filing Courtesy Notification |
| Date: | Monday, August 13, 2012 3:21:28 PM |

PLEASE DO NOT REPLY TO THIS EMAIL.

A party in this case requested that you receive an AZTurboCourt Courtesy Notification.

AZTurboCourt Form Set #604616 has been DELIVERED to Maricopa County Superior Court.

You will be notified when these documents have been processed by the court.

Here are the filing details:
Case Number: CV2012-004319 (Note: If this filing is for case initiation, you will receive a separate notification when the case # is assigned.)
Case Title: Painter, Et.Al. Vs. S C F Arizona
Filed By: Najia M Kerrin
AZTurboCourt Form Set: #604616
Keyword/Matter #: Painter/Schell v. SCF
Delivery Date and Time: Aug 13, 2012 3:20 PM MST

Forms:
Summary Sheet (This summary sheet will not be filed with the court. This sheet is for your personal records only.)


Attached Documents:
Miscellaneous: Acceptance of Service

Exhibit 2

# JACKSONWHITE
### ATTORNEYS AT LAW
*A Professional Corporation*

40 North Center Street, Suite 200
Mesa, Arizona   85201
Telephone No.:        (480) 464-1111
Facsimile No.:        (480) 464-5692
Email:        centraldocket@jacksonwhitelaw.com
*Attorneys for Defendant*
By:   Michael R. Pruitt, SBN 011792
        Email:        mpruitt@jacksonwhitelaw.com

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ginger Painter, a single woman and Austin Schell, a single man,<br><br>                    Plaintiffs,<br><br>v.<br><br>SCF Arizona, an Arizona corporation,<br><br>                    Defendant. | Case No. _____<br><br>**AFFIDAVIT OF MICHAEL R. PRUITT** |

I, Michael R. Pruitt, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct:

1.    I am the attorney of record for the Defendant in this case.

2.    I verify that, to the best of my knowledge, Exhibit 1 to the Defendant's Notice of Removal of Civil Action Under 28 U.S.C. §§ 1331 and 1441 contains true and complete copies of all pleadings and other documents filed as of August 13, 2012, in the case of *Ginger Painter and Austin Schell v. SCF Arizona*, Case No. CV2012-004319 while the case was pending in the Arizona Super Court, County of Maricopa.

/ / /

/ / /

/ / /

-1-

DATED this 15th day of August, 2012.

**JACKSON WHITE**

By:    Michael R. Pruitt, SBN 011792
40 North Center Street, Suite 200
Mesa, Arizona   85201
*Attorneys for Defendant*

SUBSCRIBED AND SWORN to before me this 15th day of August, 2012, by Michael R. Pruitt.

Notary Public

My Commission expires:
1/15/2015

Debra Ann Carpenter
Notary Public
Maricopa County, Arizona
My Comm. Expires Jan. 12, 2015

F:\STU\SCF of AZ\Painter v. SCF\Pleadings\Affidavit of Michael R Pruitt.docx

Exhibit 3

1

## JACKSONWHITE
### ATTORNEYS AT LAW
*A Professional Corporation*

2

3

40 North Center Street, Suite 200
Mesa, Arizona   85201

4

Telephone No.:      (480) 464-1111
Facsimile No.:       (480) 464-5692

5

Email:       centraldocket@jacksonwhitelaw.com
*Attorneys for Defendant*

6

By:     Michael R. Pruitt, SBN 011792

7

Email:       mpruitt@jacksonwhitelaw.com

8

9

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

10

**IN AND FOR THE COUNTY OF MARICOPA**

11

Ginger Painter, a single woman and Austin
Schell, a single man,

12

Case No. CV2012-004319

13

Plaintiffs,

**NOTICE TO ADVERSE PARTY
OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT**

14

v.

15

SCF Arizona, an Arizona corporation,

(Assigned to the Honorable
David Cunanan)

16

Defendant.

17

18

**TO:    PLAINTIFFS GINGER PAINTER AND AUSTIN SCHELL**

19

PLEASE TAKE NOTICE that on August 15, 2012, Defendant SCF Arizona filed

20

a Notice of Removal of Action Under 28 U.S.C. §§ 1331 and 1441 in the United States

21

District Court for the District of Arizona.

22

A copy of the Notice of Removal was filed and is served contemporaneously

23

herewith and attached as **Exhibit 1**.

24

/ / /

25

/ / /

26

/ / /

27

/ / /

28

/ / /

DATED this 15th day of August, 2012.

**JACKSON WHITE**


_/s/ Michael R. Pruitt_
By:    Michael R. Pruitt, SBN 011792
40 North Center Street, Suite 200
Mesa, Arizona   85201
*Attorneys for Defendant*

**ORIGINAL** of the foregoing filed with
the Clerk of the Court this 15th day of
August, 2012.

**COPY** of the foregoing mailed this 15th
day of August, 2012, to:

Najia M. Kerrin
Michael Ballentine
BAIRD, WILLIAMS & GREER, L.L.P.
6225 North 24th Street, Suite 125
Phoenix, Arizona   85016
*Attorneys for Plaintiffs*


_/s/ Debra Carpenter_

F:\STU\SCF of AZ\Painter v. SCF\Pleadings\Notice to Adverse Party of Removal of Civil Action to Federal Court.docx

Exhibit 4

1

# JACKSONWHITE
### ATTORNEYS AT LAW
*A Professional Corporation*

2

3

40 North Center Street, Suite 200
Mesa, Arizona   85201

4

Telephone No.:      (480) 464-1111
Facsimile No.:      (480) 464-5692

5

Email:      centraldocket@jacksonwhitelaw.com
*Attorneys for Defendant*

6

By:     Michael R. Pruitt, SBN 011792
        Email:      mpruitt@jacksonwhitelaw.com

7

8

9

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

10

## IN AND FOR THE COUNTY OF MARICOPA

11

| | |
|---|---|
| Ginger Painter, a single woman and Austin Schell, a single man, | Case No. CV2012-004319 |
| Plaintiffs, | **NOTICE TO STATE COURT OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT** |
| v. | |
| SCF Arizona, an Arizona corporation, | (Assigned to the Honorable David Cunanan) |
| Defendant. | |

12

13

14

15

16

17

18

**TO:     THE CLERK OF THE SUPERIOR COURT OF ARIZONA, COUNTY OF MARICOPA:**

19

20

**PLEASE TAKE NOTICE** that on August 15, 2012, Defendant SCF Arizona

21

filed a Notice of Removal of Action from the Superior Court of Arizona, County of

22

Maricopa, to the United States District Court, District of Arizona, with the Clerk of the

23

United States District Court for the District of Arizona, Phoenix Division.   A true and

24

correct copy of the Notice of Removal is attached as **Exhibit A**.

25

**PLEASE TAKE FURTHER NOTICE** that the filing of said Notice of Removal

26

with the Clerk of this Court effects the removal of this action in accordance with 28

27

U.S.C. § 1446(d).

28

/ / /

DATED this 15th day of August, 2012.

**JACKSON WHITE**

/s/ Michael R. Pruitt

By:    Michael R. Pruitt, SBN 011792
40 North Center Street, Suite 200
Mesa, Arizona   85201
*Attorneys for Defendant*

**ORIGINAL** of the foregoing filed with the Clerk of the Court this 15th day of August, 2012.

**COPY** of the foregoing mailed this 15th day of August, 2012, to:

Najia M. Kerrin
Michael Ballentine
BAIRD, WILLIAMS & GREER, L.L.P.
6225 North 24th Street, Suite 125
Phoenix, Arizona   85016
*Attorneys for Plaintiffs*

/s/ Debra Carpenter

F:\STU\SCF of AZ\Painter v. SCF\Pleadings\Notice to State Court of Removal of Civil Action to Federal Court.docx